DANIEL W. FLYNN ET AL.

v.

CITY OF GALESBURG.

1. LICENSE TO KEEP DRAM SHOP—DUTY OF SALOON KEEPER.—A license to keep a dram shop legalizes sales of liquor to some persons but not to all and the law imposes upon the saloon keeper the duty of determining for himself at his peril, the competency of parties to buy.

2. DISCRETION OF AGENT—PRINCIPAL LIABLE IN CASE OF ILLEGAL SALE.—An agent employed by a saloon keeper to sell liquor in the course of trade, is placed in a position where he is necessarily called upon to exercise a discretion in determining the legality of every proposed sale, and it must be held that in passing upon such questions and determining the fact, according to his best judgment he is acting within the authority conferred upon him and within the scope of his employment.

3. EXCLUSION OF EVIDENCE.—In this case, as appellee only claimed the minimum penalty under the law, the exclusion of the proposed evidence worked no injury.

APPEAL from the Circuit Court of Knox county; the Hon.

Flynn et al. v. City of Galesburg.

ARTHUR A. SMITH, Judge, presiding. Opinion filed February 9, 1883.

The city commenced this proceeding to recover from the appellants the penalty named in an ordinance of the city as follows:

"Whosoever, with or without a license, shall sell any intoxicating drink to any minor without the written consent of his parents or guardian, shall be subject to a penalty of not less than fifty dollars."

Upon the trial in the circuit court the case of the plaintiff below consisted of the following stipulation:

City of Galesburg v. Flynn & Merrick. In Circuit Court, Feb. term, A. D. 1882.

1. It is hereby agreed and stipulated between F. F. Cooke, attorney for the defendants, and George Prince, attorney for the city, that if Frank Hatchett were present at this term of court and duly sworn on the trial of this cause he would testify that on the fourth day of July, 1881, he purchased of James Clark, a bartender for Flynn & Merrick, at their place of business in the city of Galesburg, a glass of intoxicating liquor, and drank the same in their place of business.

2. That if the father of Frank Hatchett were here on the trial of the above cause and duly sworn, that he would testify on the trial of the above cause that he never gave Frank Hatchett either verbal or written permission to purchase and drink intoxicating liquors, or ever gave any person written or verbal permission to sell Frank Hatchett intoxicating liquor, and that he would further swear that Frank Hatchett was, on the fourth day of July, 1881, under twenty-one years of age.

(Signed)      F. F. COOKE, attorney for defendants.

GEO. W. PRINCE, attorney for plaintiff.

And the testimony of D. W. Flynn, who stated: "I am one of the defendants. James Clark was in our employ as barkeeper July 4, 1881, and was engaged in selling liquor for us that day behind our bar."

The defendants then proved that they were in partnership in the saloon business, and that Clark was in the employ of

the firm July 4, 1881 and offered to prove that when they employed Clark as bartender they believed him to be a man of discretion and prudence in the business, and that they instructed him not to sell liquor to minors, and that the sale to the minor, Frank Hatchett, was made by Clark without their knowledge or consent.

Upon the statement of counsel for the city that the plaintiff only sought to recover the minimum penalty of fifty dollars, the court excluded this offered proof.

This action of the court raises the principal, if not the only question in the case.

Mr. FORREST F. COOKE, for appellants; that evidence that appellants had expressly instructed their agent not to sell liquor to minors, was proper in mitigation of damages, cited Keedy v. Howe, 72 Ill. 133; Anderson v. State, 22 Ohio, 305; Miller v. State, 5 Ohio, 275; Commonwealth v. Putnam, 4 Gray, 16; Commonwealth v. Nichols, 10 Met. 259; Barnes v. State, 19 Can. 399; Lane v. State, 24 Ind. 131; Pennyboker v. State, 2 Blackf. 484; Hipp v. State, 5 Blackf. 149.

Suits of this kind are *quasi* criminal actions: Wiggins v. Chicago, 68 Ill. 372; Naylor v. Galesburg, 56 Ill. 287.

As to the indictment: 4 Wharton Am. Crim. Law, § 379.

As to burden of proof: Abbott's Trial Ev. 771; Great Western R. R. Co. v. Bacon, 30 Ill. 352.

Mr. GEORGE W. PRINCE, for appellee; that the principal was liable even though he had expressly forbidden his agent to sell to minors and had no knowledge of the acts, cited Mullinix v. The People, 76 Ill. 213; Keedy v. Howe, 72 Ill. 136.

This is a civil suit and to be governed by the rules laid down in such cases: Graubner v. Jacksonville, 50 Ill. 87; Hoyer v. Town of Macoutah, 59 Ill. 137; Town of Partridge v. Snyder, 78 Ill. 522; Johnson v. Barber, 5 Gilm. 425; Tuller v. Voight, 13 Ill. 285; Moir v. Hopkins, 16 Ill. 313.

It is the duty of a licensed seller to see that the party to whom he sells is authorized to buy, and if he sells without this

knowledge he does so at his peril: McCutcheon v. The People, 69 Ill. 604; Mapes v. The People, 69 Ill. 523.

As to burden of proof: Harbaugh v. Monmouth, 74 Ill. 367; Farmer v. The People, 77 Ill. 324; Gunnarsohn v. Sterling, 92 Ill. 574.

PILLSBURY, P. J. The defendants were engaged in the retail liquor business, having a license to keep a dram shop. This license conferred no authority upon them to sell such liquor to minors. Every sale made by them over their bar in the general course of their business may or may not be legal according to the character of the purchaser.

Their license legalized sales of liquor to some persons but not to all, and the law imposed upon them the duty of determining for themselves at their peril, that every one purchasing liquor of them belonged to that class of persons to whom they could lawfully sell. McCutcheon v. The People, 69 Ill. 604.

They must in every instance judge correctly or liability attaches. This danger of incurring legal liability on the part of the liquor dealer for illegal sales, made through mistake as to the competency of the party to buy, and of his right to sell, even when actuated by the best intentions and exercising the soundest judgment and highest diligence not to be deceived, is an incident of the business in which he freely engages and a burden which he voluntarily assumes.

The appellants being aware that the nature of their business required the exercise of great care and diligence to avoid liability through a mistaken judgment as to the character of the purchasers of liquor of them, employed Clark to conduct their business under their license and invested him with the authority to sell liquor to all persons calling for it to the same extent as they lawfully might do. Their instructions to him not to sell liquor to minors were simply directions to him to obey the law in that regard.

They forbade him to sell liquor to minors. So did the law. His duty was no more clearly defined nor made any more imperative by such instructions or commands.

Under his employment to sell liquor over their counter in the general course of their trade, he was placed in a position by them where he was necessarily called upon to exercise a discretion in determining the legality of every proposed sale, and it must be held that in passing upon such a question and in the determination of the fact according to his best judgment he was acting within the authority conferred upon him and within the scope of his employment. As was said in Mc-Cutcheon's case, *supra*, "the agent had no license to sell to any one, and it is only lawful for him to do so in the name and by the authority of his principal, and the presumption must be deemed conclusive, the agent or servant acted within the scope of his authority in making the sale."

It was not proposed to prove that the instructions given to Clark were not to sell liquor to Frank Hatchett, as he was a minor, thereby taking from the agent all discretion in the premises, nor to show that Clark had sold to him knowing him to be a minor, and we do not express any opinion upon the effect such facts would produce, did they appear in the case.

As the appellee only claimed the minimum penalty under the ordinance, the exclusion of the proposed evidence worked no injury to the appellants.

We see no error calling for a reversal of the judgment, and the order will be

Judgment affirmed.