Handy v. The People.

EDWARD HANDY

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops — License — Payment "in Advance" —* Quo Warranto — *Amendment of Information—Statutes*—Remittitur.

1.  Under the act of 1883, a valid license to keep a dram-shop can not be issued unless the amount payable therefor be paid in advance for the entire period covered by the license.

2.  An information in the nature of a *quo warranto* lies to question the right of a dram-shop keeper to exercise the franchises, privilege and license to keep a dram-shop under a license unlawfully issued.

3.  Such an information may be amended.

[Opinion filed May 29, 1888.]

APPEAL from the Circuit Court of Scott County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. OSCAR A. DeLEUW and JAMES CALLANS, for appel-
lant.

What is meant by the words "not less than at the rate of
$500 per annum?" Webster's definition of the word "rate"
is "the proportion or standard by which quantity or value is
adjusted"—"Degree in which anything is done"—"Degree
of value, price." The word "ratably" he defines "by rate or
proportion—proportionally." We contend that these words
are so used in order to enable the municipal authorities to
control the divisions of time when payment in advance for
such license must be made, but that in the exercise of such
power they are limited to the amount of not less than $500
per annum. In Dennehy v. City of Chicago, 120 Ill. 634, 635,
the court say, after reciting the clause of the act of 1883, just
quoted, "This proviso * * * simply affects the manner
and condition of its exercise, and was manifestly designed only
to produce uniformity as to the mode of granting licenses and
the terms upon which they shall be granted to the extent that
the general law assumes to establish uniformity in those
respects." Again, contemporaneous construction of this stat-
ute by the local municipal authorities, sustains the reasoning
here made. If the construction claimed by the people should
be the true one, it would revolutionize the uniform system of
all the local municipal authorities in this State in exacting the
license fee by fractions in advance. The general law of this
State delegates the whole subject and question of licensing,
regulating and prohibiting the sale of intoxicating liquors to
the cities, towns and villages, provided, that in granting
licenses, such corporate authorities shall comply with whatever
general law of the State may be in force relative to the grant-
ing of licenses. See Sec. 46 of the general incorporation act.
And it is needless to quote or multiply authorities showing
that the Supreme Court has liberally construed this clause of
the general law.

It is admitted by this record that Handy paid his money
for his second quarter's license, and, although the village
authorities tendered him back his said $125 for the second
quarter's license, in controversy, yet they at no time revoked

his license.  It may be that the village authorities are vested with the power to revoke these licenses, but it has not been done in this case, and this is expressly made necessary before he can be proceeded against.  Martel v. East St. Louis, 94 Ill. 67 ; Baldwin v. Smith, 82 Ill. 162.

Again, the court granted leave to amend this information. This, we claim, is error.  We are aware of the case of Hinze in 92 Ill. 406, and also in the Shufeldt case, 93 Ill. 597, but we do not think the statute of amendments and jeofails was there brought to the attention of the court, section 11 of which expressly provides that no part of the act should apply to informations, upon any popular or penal statute.  This is clearly a penal statute, because in addition to the judgment of ouster a fine is imposed.  People v. Waite, 70 Ill. 25 ; Commonwealth v. Chuly, 56 Pa. St. 270; Rex v. Parry, 6 Ad. & Ellis 810 ; Brightly's Leading Election Cases, p. 144 ; People v. Moore, 73 Ill. 132 ; People v. North C. Ry. Co., 88 Ill. 537 ; Dillon's Mun. Corp., Vol. 2, Sec. 722 ; High's Ex. Rem., Sec. 628 ; State v. Mead, 56 Vt. Rep. 353.

Mr. J. M. BRIGGS and Mr. THOMAS H. DEVINE, State's Attorney, for appellee.

The fee should have been paid in advance for the whole time, and not having been so paid, the alleged license was a nullity.  Munsell v. Temple, 3 Gilm. 95 ; Lombard v. Cheever, 3 Gilm. 472 ; Spake v. The People, 89 Ill. 621.

The third count in the information was framed to meet the theory that the license fee having been paid three months in advance at the time the license was issued, the defendant was entitled to the privilege of keeping a dram-shop for that period of time.  We do not agree to that theory, but even if its soundness be conceded, at the end of that time the license ceased to have validity, because after it was issued, as is conceded by the stipulation, the president and trustees of the village took no further steps in regard to the matter, and without official action on their part, the clerk or treasurer, or both together, could not do anything which would operate as an extension of appellant's privilege, or be equivalent to a

renewal thereof. Under a provision in a special city charter, similar to the clause of the cities and villages act, relative to intoxicating liquors, the Supreme Court have decided that only the city council can determine the issuing of liquor licenses, and that the issuing thereof can not be delegated to the clerk or treasurer. East St. Louis v. Wehrung, 50 Ill. 31; Bibel v. People, 67 Ill. 175; Kinmundy v. Mahan, 72 Ill. 464.

Counsel for appellant say the general law of this State delegates the whole power of licensing, regulating and prohibiting the sale of intoxicating liquors to cities, towns and villages. And so we say; but in exercising the delegated power they must regard the positive limitations imposed by the Legislature, and as between the people and appellant the village authorities had no more power to waive payment in advance than they had to waive the statutory bond required by the dram-shop act; and it is well settled that they can not waive that bond, and a license issued without requiring a bond to be first executed as provided by statute is void from the beginning. The State v. Henshall, 5 Chicago Legal News, 566, 567; Lombard v. Cheever, 3 Gilm. 472, 473.

The Henshall case, just cited, was decided by the Supreme Court of Wisconsin upon a statute substantially like ours in its provisions relative to giving bond. However, it might be in a controversy between the village and appellant, if they should knowingly issue a license to him and take his money therefor without first requiring a proper statutory bond, as between him and the people, such license would be void *ab initio*, and being thus void no order of revocation is necessary; and the cases of Martel v. East St. Louis, 94 Ill. 67, and Baldwin v. Smith, 82 Ill. 162, cited by appellant's counsel, are not pertinent. The licenses in those cases were not void from the beginning—on the contrary they were held to be valid.

Counsel say he is protected from criminal prosecution in this case, under the circumstances, even if no formal license had issued; and to this point they cite Prather v. People, 85 Ill. 36. That case has no application here. It is not a criminal prosecution to impose a penalty for unlawfully selling intoxicating liquors. There is no question of criminal intent

involved in the case at bar. It is a civil proceeding instituted for the sole purpose of ascertaining whether appellant's alleged license is valid. That it is a civil proceeding, although the information is criminal in form, is decided in Ensminger v. People, 47 Ill. 387, which, so far as we know, is the latest expression of our Supreme Court on that point. The Legislature has designated it a civil proceeding in the 7th section of the chapter on *quo warranto.*

CONGER, P. J. This is an appeal from a judgment of the Circuit Court of Scott county, Illinois, in which the people recovered judgment of ouster and a fine of $100 and costs against the appellant, upon an information in the nature of a *quo warranto,* charging the appellant with usurping and unlawfully exercising the franchise, privilege and license to keep a dram-shop within the incorporated limits of the village of Bluffs, in the county of Scott and State of Illinois.

The cause was heard and determined by the court below, and judgment rendered upon the following stipulated and agreed state of facts, viz.: " That no plea or answer need be filed to counts two and three of the information (a demurrer having been sustained to the first count), and

" 1. It is admitted that the village of Bluffs was and is incorporated under the general law, as charged in counts two and three of the information.

" 2. That the president and trustees of said village did issue a license to the defendant, Edward Handy, as charged in said counts.

" 3. That before said license was issued the said Handy executed his bond to the people of the State of Illinois, in the penal sum of $3,000, with four good and sufficient sureties, freeholders of said Scott county, dated June 20, 1887, which was filed with the village clerk and approved by said village of Bluffs, and was conditioned as provided by Sec. 5 of the dram-shop act.

" 4. That the record of said village of Bluffs, showing the action of said president and board of trustees of said village, of date May 16, 1887, is as follows: A motion made and car-

ried that the petition and bond of Edward Handy for dram-shop license be received and accepted, and clerk to issue license, money to be paid in advance, no note and security be taken; so instructed by the board of trustees and president; his security and bondsmen being the following named persons: John Torrance, John Tieman, John R. Bagby and Herman Vanneer.

"5.    That the license so issued by said village of Bluffs, and the indorsements thereon, are in the words and figures follow-ing, to wit:

"BLUFFS, June 20, 1887.

"Granted to Edward Handy, dram-shop license for ten months, from June 20, 1887, till April 20, 1888, and said license payable three months in advance. Received of Edward Handy the sum of one hundred and twenty-five dollars ($125) for the first quarter, commencing June 20, 1887, and ending September 20, 1887; second quarter due September 20, 1887; third quarter due December 20, 1887, being four months till April 20, A. D. 1888.

"H. A. BRUNO,
*Village Clerk.*

"Corporate seal of the Village of Bluffs.

"August the 6th, 1887.

"Received of Edward Handy one hundred and twenty-five dollars ($125) for second quarter, commencing September 20, 1887, and ending December 20, 1887.

"6.    That the sum of $125 was paid by defendant for said license on the day it was issued, and accepted by said village, and three months thereafter, without any further order or action of said board of village trustees, the defendant paid $125 to the village clerk, who receipted him therefor and paid the same over to the village treasurer; but afterward the vil-lage board, to wit, on the 22d day of September, 1887, caused the same to be tendered back to the defendant, who refused to receive it and has not yet received it. That no order revoking said license has been made by said village board. That said defendant has kept a dram-shop within the corporate

Handy v. The People.

limits of said village, and therein has sold all kinds of intoxicating liquors at retail in less quantities than one gallon, from the date of said license down to and including the day on which this proceeding was begun, and claimed the right so to do under the license aforesaid and none other, and now claims said license is a valid license to keep a dram-shop as aforesaid. That the bond so made by said Handy has not been surrendered or tendered back to him.

" 7. That the village had, before May 16, 1887, exercised the powers conferred on it by law, and passed an ordinance allowing dram-shops in said village, which was then, and continued to be, and is now in force. The sum to be paid for license therefor, in advance, to be $500, at the rate of $500 per annum.

" 8. That the defendant reserves the right, as he did on demurrer, to question the right to pursue this remedy against him, claiming that *quo warranto* does not lie."

The errors assigned upon the record are:

1. The court below erred in granting leave to amend the information.

2. The court erred in imposing a fine on defendant.

3. The court erred in rendering the judgment of ouster.

The first error is not well assigned. Sec. 9 of Chap. 7, R. S.; Hinze v. The People, 92 Ill. 414.

The fine of one dollar which was imposed upon the defendant by the trial court has been in this court remitted, which disposes of the second assignment of error.

The real question in the case is the proper construction of Sec. 1 of the act approved June 15, 1883, Sess. Laws, page 92, the language of which, so far as necessary to notice, is as follows: " That hereafter it shall not be lawful for * * * any village in this State to grant a license for the keeping of a dram-shop, except upon the payment, *in advance*, into the treasury of the village * * * such sum as may be determined by the authorities of such * * * village, not less than at the rate of five hundred dollars per year." Session Laws 1883, p. 92.

This language, we think, can admit of but one construction, and that is, the proper authorities can not issue a valid license

to keep a dram-shop unless the amount to be paid therefor be paid in advance for the entire period covered by the license, not less than at the rate of five hundred dollars per year.

The minimum rate per annum is fixed, and whether the license issue for a year or any shorter period, the amount required to be paid for such term as is covered by the license must all be paid in advance. If it may be in installments of three months, with equal propriety it could be divided into weekly or even daily payments, and thereby entirely defeat the object of the law, which was to require the license money to be paid in advance for and during the life of the license.

It is also urged that an information in the nature of a *quo warranto* will not lie in a case like the present. This objection is not well taken. See Swarth v. The People, 109 Ill. 621.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*