## Henry Backhaus v. The People, etc.

1.  Dram-shop  License—*Must  be  Authorized  by  Law.*—A  license issued contrary to law is a nullity, and affords no protection  to persons acting under it.

2.  Same—*Where  the  Licensee  Must  Act  at  His  Peril.*—Where  the statute makes it criminal to conduct, without a license, a business

which is subject to police regulations, a person carrying on such business may be required to act at his peril with reference to the validity of such a license.

3. SAME—*Power of Municipalities to Fix the Fees.*—A city can not determine the amount of a license fee and the manner of payment by resolution; it must be done by ordinance.

4. SAME—*Requisites of Ordinances Authorizing.*—Without the adoption of a general ordinance on the subject authorizing the issuing of licenses, specifying who shall issue them, the length of time they shall run, the amount to be paid by the applicant, and the time and manner of payment, etc., municipal authorities are powerless to issue such licenses.

5. SAME—*Payments in Advance.*—Municipal authorities can not issue a valid license to keep a dram-shop unless the amount to be paid therefor is paid in advance for the entire period covered by the license, not less than at the rate of five hundred dollars per year.

6. ORDINANCES—*Repeals and Amendments.*—An ordinance of a city can be repealed or amended only by an ordinance. A mere resolution or order, not passed and published as an ordinance of the city, will not constitute a repeal of an ordinance duly passed.

7. CRIMINAL LAW—*Absence of Guilty Intent.*—The absence of guilty intent is no defense in a prosecution for a violation of the dram-shop act.

**Information.**—For a violation of the dram-shop act. Error to the County Court of Kankakee County; the Hon. E. B. GOWER, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

CHARLES B. CAMPBELL, attorney for plaintiff in error.

BERT L. COOPER, State's Attorney, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a proceeding in the County Court, by information against plaintiff in error, charging him with violating the dram-shop act.

The information contained thirteen counts, eleven of which charged him with selling, and two with giving away, intoxicating liquors in less quantity than one gallon, "not having a legal license to keep a dram-shop." Upon the trial the people introduced evidence showing that plaintiff in error was a saloon keeper, doing business in the village of Grant Park, in Kankakee county, and that he had made several sales of intoxicating liquor between May 2, 1898, and

February 21, 1899, when the information was filed.    In defense, plaintiff in error offered in evidence a license to keep a dram-shop, issued to him by the village of Grant Park on May 2, 1898, for the period of one year.    Its admission was objected to on behalf of the people, on the ground that no preliminary proof had been made of an ordinance of said village authorizing the licensing of dram-shops, and the objection was sustained by the court.    Plaintiff in error then offered a portion of the journal of the president and board of trustees of said village showing a resolution adopted April 30, 1898, fixing the license fee for dram-shops at $500 per year, payable in two installments, and directing a license to be issued to him.    The people objected to the admission of the resolution, for want of authority on the part of the president and board of trustees to pass the same, and this objection was also sustained by the court.    Plaintiff in error then offered in evidence an ordinance of said village, relating to the licensing of dram-shops.    This was objected to on the ground that it was invalid, because it did not provide for the manner of issuing license, or the amount, time, manner or place of payment of license fee; was contrary to the statute and did not authorize the issuing of license; and the court again sustained the objection.

Plaintiff in error when on the witness stand did not deny the sales testified to, but was asked by his counsel whether or not he honestly believed that during the time in question he was complying with all the liquor laws of the State. This question was objected to and the objection sustained by the court.    The ruling of the court upon each objection was duly excepted to by plaintiff in error.    The jury returned a verdict of guilty upon two counts of the information.    A motion for a new trial was overruled by the court, and judgment entered upon the verdict.

The dram-shop ordinance of the village offered in evidence was passed in 1885, and provided that the president and board of trustees might "authorize by resolution any person, or persons not constituting a corporation, to sell and give away, within the corporate limits of said village, all or

any of the liquors mentioned in the first section of this ordinance, and direct that a license signed by the president and attested by the village clerk, under the seal of said village clerk, issue by said clerk to such person or persons, upon him, her or them paying into the village treasury, in installments or otherwise, a sum of money of an amount to be fixed in such resolution by the president and board of trustees." Under the authority claimed to be given to them by this ordinance, the president and board of trustees adopted the resolution of April 30, 1898, directing a license to be issued to plaintiff in error, and fixing the license fee at $500 per annum, payable " in two installments, as follows : $300 on May 1, and $200 on November 1."

It is contended by plaintiff in error that his license, being regular in form, is a complete protection to him, and that its validity can not be questioned in a proceeding of this kind. We do not think this position well taken. It was held in Spake v. The People, 89 Ill. 617, that a license issued contrary to law is a nullity. If the license by which plaintiff in error seeks to shield himself was a nullity by reason of having been granted contrary to law, it could not afford him any protection. City of Eureka v. Davis, 21 Kan. 578; Russell v. State, 77 Ala. 89; State v. Moore, 1 Jones (N. C.), 276; Moore's Criminal Law, Sec. 281.

Our statute makes it a misdemeanor, punishable with fine or imprisonment, for any one to sell intoxicating liquor in less quantity than a gallon without a license.

" Where the statute makes it criminal to conduct, without a license, a business which is subject to police regulations, a person carrying on such business may be required to act at his peril with reference to the validity of such a license." McLain's Cr. Law, Sec. 128.

We are therefore of opinion that the legality of the license offered in evidence by plaintiff in error could properly be inquired into in this cause, and that the County Court committed no error in refusing to admit it without preliminary proof of an ordinance authorizing it to be issued.

The question therefore arises, was there a legal ordinance authorizing the issuing of such a license? An ordinance

authorizing the issuing of a license for the sale of intoxicating liquor must comply with the general laws of the State relative to the granting of licenses. Starr & Curtis' Stat., Chap. 24, Sec. 63, Subdiv. 46.

The section of the statute above referred to provides that cities and villages shall have the power "to license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor, the license not to extend beyond the municipal year in which it shall be granted, and to determine the amount to be paid for such license." The ordinance in question did not determine the amount to be paid for licenses under it or the manner in which the same should be paid, but provided that any person authorized by resolution of the president and board of trustees might obtain a license by paying into the village treasury, "in installments or otherwise, a sum of money of an amount to be fixed in such resolution." There was an attempt to supplement this ordinance by the resolution of April 30, 1898, fixing the license fee and providing for its payment in installments. . If this resolution is to be considered as independent of the ordinance, it was unauthorized by law. In the case of The People v. Crotty, 93 Ill. 180, where the village authorities sought to fix the amount of license and the time of payment by resolution, without any ordinance on the subject, it was said by the court that "without the adoption of a general ordinance on the subject authorizing the issuing of licenses and specifying who shall issue them, the length of time they shall run, the amount to be paid by the applicant, the time and manner of payment, etc., the village authorities are powerless to issue a license to any one. * * * It will hardly be seriously claimed that the two resolutions passed by the village authorities * * * can be regarded as ordinances authorizing the issuing of licenses." Nor can the resolution be made effective by regarding it as a supplement or amendment of the ordinance.

In the case of Hibbard et al. v. Chicago, 173 Ill. 91, it was said by the court that "an ordinance of the city can

only be repealed or amended by an ordinance of the city. A mere resolution or order by the city council, not passed and published as an ordinance of the city, would not constitute a repeal of an ordinance duly passed."

We are of opinion that a city can not determine the amount of a license fee and the manner of payment by resolution, but that the same must be done by ordinance. See People ex rel. Conlon v. Mount, in which an opinion was filed at the present term of this court. But apart from the question of the right of the village to supplement the ordinance by a resolution, the ordinance and resolution in question here must be held invalid, for the reason that they do not provide for the payment of the entire license fee in advance.

The statute provides "that hereafter it shall not be lawful for the corporate authorities of * * * any village in this State to grant a license for the keeping of a dram-shop, except upon the payment in advance into the treasury of the * * * village granting the license, such sum as may be determined by the respective authorities of such * * * village, not less than at the rate of $500 per annum." Starr & Curtis' Stat., Chap. 43, Sec. 16.

In Handy v. People, 29 Ill. App. 99, in passing upon this statute, it was said, " the proper authorities can not issue a valid license to keep a dram-shop unless the amount to be paid therefor be paid in advance for the entire period covered by the license, not less than at the rate of five hundred dollars per year." The resolution in question here provided for the payment of $300 when the license was issued, and $200 six months later. This was directly contrary to the provisions of the law in regard to the terms of payment, and would have been invalid for that reason if otherwise unobjectionable.

It is contended, however, by plaintiff in error, that even if the ordinance is invalid, and the license and order granting it void, they were admissible in evidence to show good faith and the absence of criminal intent on his part.

The statute provides that " whoever, not having a license

to keep a dram-shop, shall    *    *    *    sell any intoxicating liquor in any less quantity than one gallon    *    *    *    shall be fined," etc.

This provision of the statute is without limitation, and under it our courts have frequently held that it was not necessary either to aver or prove a guilty intent.    McCutcheon v. The People, 69 Ill. 601; Farmer v. The People, 77 Ill. 322; Noecker v. The People, 91 Ill. 494.

Absence of guilty intent is consequently no defense in a suit of this kind.    There was therefore no error on the ground claimed in excluding the ordinance.    For the same reason the court properly refused to permit plaintiff in error to testify as to whether at the time in question he honestly believed he was complying with the liquor laws of the State.

We find no error in the record, and the judgment of the court below is therefore affirmed.