THE PEOPLE *ex rel.* H. J. Hamlin

*v.*

CHARLES H. PAYSON.

*Announced orally June 17, 1904.*

1. PLEADING—*answer to information for disbarment which contains impertinent matter will be stricken from files.*   An answer to an information for disbarment will be stricken from the files, on motion, where it is not confined to the issues but contains many scandalous and impertinent matters so intermixed with those which may be material that it is not possible to separate them by striking out parts of the answer.

2. SAME—*practice of pleading evidence will not be tolerated.*   The practice of pleading the evidence, and much other matter that cannot even be evidence, will not be tolerated.

INFORMATION for disbarment; motion to strike answer from files.

H. J. HAMLIN, Attorney General, for relator.

CHARLES H. PAYSON, *pro se.*

Mr. CHIEF JUSTICE RICKS announced the opinion of the court:

This is a proceeding for disbarment of an attorney. A motion is made by the relator to strike the answer of the respondent from the files.   The motion is grounded upon the contention that the answer contains scandalous and impertinent matters, and matters so foreign to anything that can reasonably become material in the consideration of the case, and so intermixed with what may be material, that it would be difficult, if not impossible, to separate them by any system of striking out parts of the answer, and that therefore the whole answer ought to be stricken.   We have examined the answer, and find it is voluminous and that it goes into the supposed political relations of the respondent.   In it he sets up that certain men, who are his political opponents and who

hold prejudices against him growing out of political contentions, had instigated certain prosecutions against him and had done things to bring his character into reproach. He also states that at some time during the administration of Attorney General Moloney charges were formulated against him, and that they were presented to the Attorney General, and that the respondent furnished affidavits and other matters of evidence to the Attorney General, who then became satisfied that the charge ought not to be prosecuted against him and that the information was consequently never filed. In addition to that, he sets out a large number of certificates from doubtless reputable people and a long list of clients, who say that in their dealings with him they have found him honest.

There are a number of specific charges of irregularity and dishonesty against the respondent in the information. The motives that may have prompted the filing of the information can have but little to do with the determination of the question of respondent's guilt or innocence. Of course, any witness who has ill-will toward him may be inquired of concerning that matter, and his evidence will be considered in the light of whatever prejudice he is shown to have; but the habit of pleading the evidence, and of pleading a multitude of things that never can be evidence, cannot be tolerated by the court. It would make the records burdensome, and the duty of anybody who might be called upon to review the record so embarrassing that it would be most difficult to find that which is material and give it the proper consideration.

Such being the view of the conference, this answer will be stricken from the files, and the respondent will be ruled to file a proper answer, confined to the issues presented by the charges in the information, by Tuesday morning of next week.          *Answer stricken.*