Heidelberg Garden Co. v. The People.

# Heidelberg Garden Company v. People of the State of Illinois.

## Gen. No. 12,258.

1. QUO WARRANTO—*motion to set aside order granting leave to file information, addressed to discretion of court.* A motion to set aside an order granting leave to file an information in the nature of a *quo warranto,* is addressed to the discretion of the court.

2. QUO WARRANTO—*when granting permission to file, not improper.* The mere fact that private citizens may be interested in an information and may have employed counsel to assist the public officers of the law, does not render erroneous the action of the court in permitting such a petition to be filed and maintained.

3. QUO WARRANTO—*what plea in, should set up.* A plea in a *quo warranto* proceeding should set up all facts upon which the defendant predicates his claim of title.

4. QUO WARRANTO—*what plea in, need not set up.* A plea in a *quo warranto* proceeding after having set up all those facts essential *prima facie* to establish the defendant's title in question, need not proceed and anticipate possible objections which may be urged to such title and seek by averment to nullify the same.

5. DRAM-SHOP LICENSE—*may lawfully issue to corporation.* Under the statutes of this State, a corporation may be the legal holder and user of a dram-shop license.

6. DRAM-SHOP LICENSE—*how validity of, questioned.* Quo warranto is the proper form of action in which to challenge the validity of a dram-shop license.

*Quo warranto* proceeding. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed January 18, 1906. Rehearing denied February 1, 1906.

**Statement by the Court.** July 6, 1904, the State's attorney for Cook County by leave of court filed the following information:

"Charles S. Deneen, State's Attorney of said county, who sues for the People of the said State in this behalf, comes into court here on this day and for the said People and in the name and by the authority thereof, gives the court here to understand and be informed that the Heidelberg Garden Company, a corporation organized under the laws of the State of Illinois, for the space of thirty days last past and more in said county has held and claimed to hold and still holds and claims to hold and exercise, a certain privilege and license, to-wit: the privilege and license of keeping a dram-shop in that part of the City of Chicago, in the county and State aforesaid, formerly the Village of Hyde Park, which said privilege and license has been heretofore, to-wit: on the 4th day of June, 1904, granted and issued to said Heidelberg Garden Company by the mayor of said City of Chicago, the officer empowered by law to grant and issue such privilege and license, to keep a dram-shop at and upon the premises known as No. 884 East Fifty-first street, in said City of Chicago, and which said privilege and license

the defendant, during the time aforesaid, has exercised and does exercise in the said City of Chicago, and which said privilege and license was granted and issued by the mayor of said City of Chicago improperly and without warrant of law, and which said privilege or license the said Heidelberg Garden Company, during the time aforesaid, in the county aforesaid, upon the said People has usurped and still does usurp and unlawfully hold and exercise, to the damage and prejudice of the said People and against the peace and dignity of the same.

"Whereupon the said State's Attorney for the said People and in the name and by the authority thereof prays the consideration of the court here in the premises and due process of law in this behalf to make the said Heidelberg Garden Company answer to the said People by what warrant it claims to have, use and enjoy the privilege and license aforesaid."

After the respondent was summoned it made a motion to set aside the order granting leave to file the information and to quash and to dismiss the proceedings, supporting the same by affidavits.    This motion was overruled.

December 14, 1904, John J. Healy as State's attorney was substituted in place of Charles S. Deneen.   .

December 22, 1904, the respondent filed five amended pleas to said information.   On the same day the People filed its demurrer to the 1st, 2nd, 4th and 5th of these pleas respectively; and at the same time moved to strike the 3rd plea from the files "upon the ground that the same is wholly frivolous and impertinent in form and substance, and presents no issue of law or fact."

December 24, 1904, the court sustained the motion to strike the 3rd plea from the files, and also sustained the demurrer to the remaining pleas.

The respondent elected to stand by its pleas, and the court thereupon entered the following decree:

"And thereupon on motion of counsel for the plaintiff the court doth adjudge the said defendant guilty as charged in the said information, and that the said privilege and license heretofore, to-wit: on the 4th day of June, 1904,

granted and issued to said Heidelberg Garden Company, by the mayor of said City of Chicago, to keep a dram-shop at and upon the premises known as No. 884 East Fifty-first street in said City of Chicago (being in that part of the City of Chicago in the county and State aforesaid formerly the Village of Hyde Park,) was granted and issued by said mayor improperly and without warrant of law, and it is therefore ordered, considered and adjudged by the court that the said defendant be and it is hereby ousted, excluded and forever prohibited from further holding or exercising the said privileges and license."

The respondent then perfected this appeal.

M. Henry Guerin, for appellant.

John J. Healy, State's Attorney, for appellee; Church, McMurdy & Sherman, of counsel.

Mr. Justice Ball delivered the opinion of the court.

The motion of the respondent to set aside the order granting leave to file the information was addressed to the discretion of the court. The fact that the people of what was formerly Hyde Park, or some of them, are behind this prosecution, does not show, of itself, that the suit is being prosecuted for private ends or for personal spite, or that the information is not filed to subserve public interests. A petition for a writ of *quo warranto* is seldom filed except upon the solicitation of interested citizens. Surely the local residents may be presumed to know whether or not a dram-shop in their neighborhood is for their best interests or for the best interests of that community. The People v. Griesbach, 211 Ill., 40. Nor is it ground of objection to an information that private counsel are assisting the State's attorney in the prosecution of the case. McGahan v. The People, 191 Ill., 495. If the respondent is within the law in the exercise of its alleged right to keep a dram-shop at the place mentioned, it need not fear local prejudice nor the efforts of private counsel; but if it is engaged in an unlawful business, the charge that the State's attorney is being influenced and aided by

private persons, is no sufficient answer to the information. We have examined the affidavits filed in this case, and we think the trial court did not err in the exercise of his discretion when he overruled this motion.    Martens v. The People, 186 Ill., 316.

A sufficient answer to the contention of the People that in this State a dram-shop license cannot issue to a corporation, is found in Section 1, Chapter 131, R. S. Hurd, which reads: "The word 'person' or 'persons,' as well as all words referring to or importing persons may extend to and be applied to bodies politic and corporate, as well as individuals."

*Quo warranto* is the proper form of action in which to challenge the validity of a dram-shop license.    Handy v. The People, 29 Ill. App., 99; Martens v. The People, 186 Ill., 316.

In Clark v. The People, 15 Ill., 213, the procedure, in cases like the one at bar, is stated.    Upon page 217 the court said: "In the proceeding by information in the nature of a *quo warranto,* the defendant must either disclaim or justify. If he disclaims the people are at once entitled to judgment. If he justifies, he must set out his title specially.    It is not enough to allege generally that he was duly elected, or appointed to the office; but he must state particularly how he was elected or appointed.    He must show on the face of the plea, that he has a valid title to the office.    The people are not bound to show anything.    The information calls upon the defendant to show by what warrant he exercises the functions of the office, and he must exhibit good authority for so doing, or the people will be entitled to judgment of ouster." This case is cited and followed in Simons v. The People, 18 Ill. App., 589; and is cited, followed and approved in The People v. Ridgley, 21 Ill., 67; Carrico v. The People, 123 Ill., 203, and in Place v. The People, 192 Ill., 163.

The pleas are too voluminous to be inserted here at length. A synopsis of each is all that is necessary to an understanding of this case.

The first amended plea sets up the corporate capacity of the respondent, and then alleges that the license it holds "was

not granted and issued by the mayor of said city of Chicago improperly and without warrant of law as alleged in said information; that its license to keep a dram-shop was issued properly and with warrant of law." This plea is plainly deficient, and the demurrer to it was properly sustained.

The second amended plea, after alleging this suit was begun by and at the instigation of private persons, and not actually by the State's attorney, and that it is being prosecuted by them and not by that official, and was brought and is being carried on to promote private interests and not for the benefit of the People, nor for any public interest, alleges: "And by this warrant, namely under its charter and the license to keep a dram-shop, which was duly, regularly and lawfully issued to it by the Mayor of the city of Chicago, the said respondent has used during all the time in the said information mentioned, and still uses the license and privilege of keeping a dram-shop," etc. The statement of this plea shows its weakness. The learned trial judge did not err in sustaining the demurrer to it.

More than two-thirds of the third amended plea, which covers three printed pages of the abstract, is taken up by a review of the acts of one Farwell in his alleged persecution of the respondent, which acts culminated in the instigation and the prosecution of this suit. As an addendum, it would seem, there is added: "That the Mayor of the City of Chicago did properly and with warrant of law, issue to said respondent a license to keep and conduct a dram-shop at 884 East 51st street in the city of Chicago, from the first day of May, A. D. 1904, until the 30th day of April, A. D. 1905," and that it is under this license that it has kept a dram-shop at the place named during all the time in said information mentioned. Had the People filed a demurrer to this plea, it must have been sustained. Upon motion it was stricken from the files. Respondent was not harmed by this action of the trial court. Had the plea been cleansed of all frivolous and impertinent matter, it would still have remained a defective plea. Further, every material element of this plea is contained in each of the other four pleas. The act of

striking this plea from the files is not reversible error.   The People v. Payson, 210 Ill., 82.

The fourth amended plea alleges that the respondent was duly incorporated for the purpose of keeping and running a restaurant and dram-shop; that there was at the time, etc., an ordinance in the city of Chicago providing in what manner the Mayor of said city might, from time to time, grant licenses to keep dram-shops in said city to residents thereof, and the prerequisites for and the manner of issuing such license or licenses.   It then alleges, in detail, the steps it took, in full compliance with said ordinance and the statutes relating to licenses, to secure the issuing to it of a license to keep a dram-shop at the place mentioned; that such license was duly issued to it for a period of time commencing May 1, 1904, and ending April 30, 1905; and that it held and exercised the privileges complained of under and by virtue of such license and not otherwise.   It will be noted that in this plea the provisions of the ordinance are not quoted, but their legal effect is set out in such detail that the respondent is entitled thereunder to whatever protection is afforded by the ordinance.   Ill. Cent. Ry. Co. v. Ashline, 171 Ill., 315.

The fifth amended plea sets out in *haec verba* the general ordinance of the city of Chicago concerning dram-shop licenses, in so far as it is applicable to the case at bar, and alleges in detail the compliance by the respondent with the provisions of such ordinance in its application for a license; and the issuance to it of such a license upon its said application, and that its acts and doings as complained of were done and performed under and by virtue of such license.

The course of pleading is the same in *quo warranto* as it is in other forms of common law actions.   Hurd 1903, Section 11, Chapter 110; The People v. Central Union Tel. Co., 192 Ill., 311.

In the 4th and 5th pleas the title relied upon by respondent is set out.   Each of them shows a *prima facie* right to the license.   The rules of pleading require nothing further. The pleader is not bound to anticipate objections.   "In general, it is not necessary for either party to allege more than

will constitute, *prima facie,* a sufficient cause of action or defense.   It is, therefore, in general, unnecessary for a party to deny, or avoid by anticipation, all or any of the possible facts which might furnish sufficient answers in law to his own allegations.   For this would not only lead to extravagant pro-lixity, but would be found impracticable." Gould Pl., Sec. 193, p. 155, 5th ed.

"In other words, it is enough for each party to make out his own case or defense.   He sufficiently substantiates the charge or answer for the purpose of pleading, if his pleading establish a *prima facie* charge or answer.   He is not bound to anticipate, and therefore is not compelled to notice and remove in his declaration or plea every possible exception, answer or objection, which may exist, and with which the adversary may intend to oppose him."   1 Chitt. Pl., side p. 222.   See also Massey v. The People, 201 Ill., 412; Atty. Gen'l v. Michigan State Bk., 2 Doug. (Mich.) 359.

It is elementary that an ordinance must be specially pleaded before the court can take judicial notice of it and before it can be put in evidence.   Ill. Cent. Ry. Co. v. Ashline, 171 Ill., 315.

The information states that the *locus in quo* is "in that part of the city of Chicago in the County and State aforesaid, formerly the Village of Hyde Park"; but it does not allege that premises thus situate are subject to a different license law than are premises situate elsewhere in the city.   The fact that it appears in another part of the record that the license law for the territory which was once Hyde Park is different from the license law governing the city generally, in the state of the pleadings as presented to us, cannot be considered. The demurrer interposed admits the truth of the matters stated in the pleas.   If the Hyde Park license law is material to the rights of the People, it must be brought into the record by replication or defense to these pleas.   In passing upon this demurrer we can look at the pleas only.   We are compelled upon such inspection to hold that each of these pleas states a *prima facie* defense to the information.   Hence it was error to sustain the demurrer to the 4th and 5th amended pleas.

The judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*