## The People of the State of Illinois, Defendant in Error, v. Ola Nylin, Plaintiff in Error.

### Gen. No. 4,874.

1. AMENDMENTS AND JEOFAILS—*power of court to permit amendment of information.* It is within the discretion of the trial judge to permit the amendment of an information. An information does not rest upon the same basis as an indictment.

The People v. Nylin.

2. PRACTICE—*when motion for continuance properly denied.* A motion for a continuance is properly denied where a stipulation is made by opposing counsel conceding all that could have been obtained by the granting of the motion.

3. PRACTICE—*when defendant must first examine talesmen.* Having broken a panel by a challenge, it is the duty of the defendant to tender back a full panel, and, therefore, he must first examine the talesmen called to supply the place of the one challenged.

4. DRAM-SHOP ACT—*when intent and good faith not material in prosecution under.* The intent or good faith of the accused is not material in a prosecution for selling intoxicating liquors outside of the limits of an incorporated city in quantities of less than five gallons.

5. DRAM-SHOP ACT—*instruction in prosecution under, approved.* An instruction as follows, approved.

"The court instructs the jury that it is the law in this case that any shift or device to evade the provisions of the statute to not sell less than five gallons of intoxicating liquors is an unlawful selling, and if you find from the evidence in this case, beyond a reasonable doubt, that the defendant by himself or another, either as principal, clerk, or servant, in any manner disposed of for money or other things of value any intoxicating liquors in less quantities than five gallons, as charged in the information, by any shift or device, then you should find the defendant guilty."

Criminal prosecution under section 16 of Dram-shop Act. Error to the County Court of Mercer County; the Hon. R. C. RICE, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

COOKE & WILSON, for plaintiff in error; ALEX McAR-THUR, of counsel.

WILLIAM J. GRAHAM, State's Attorney, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

An information containing thirty-six counts was filed in the County Court of Mercer county, charging Ola Nylin, plaintiff in error, not having a license to keep a dram-shop, with having unlawfully sold intoxicating liquor in less quantities than five gallons outside of any incorporated city, town or village, in violation of section 16 of the Dram-

shop Act.  The plaintiff in error was found guilty on counts
27 to 33, inclusive, and a fine of $75 on each count assessed
against him.

The information was indorsed "filed July 17th" when
it was in fact filed "August 17th" and the *jurat* to the affi-
davit on the back of the information was dated "Dec. 17th,
1906," instead of August 17th.  A motion was made by the
State's attorney to amend the date of filing and the *jurat* to
the affidavit to make them correspond with the true date at
which the affidavit was sworn to and the information filed.
This motion was allowed and the dates were amended, show-
ing that the affidavit was sworn to August 17th and the date
of filing was changed to August 17th, the time it was in fact
filed.  No verification being necessary, there was no error in
permitting the amendment.    Long v. The People, 135 Ill.,
435; Samuel v. The People, 164 Ill., 379.

It is assigned for error that the court erred in overruling
a motion made by plaintiff in error for a continuance.
Counts 34, 35 and 36 charged violations of law on dates
subsequent to July 17th.  The plaintiff in error's ground for
a continuance was that he was not prepared to meet the case
presented by these three counts.  Thereupon these three
counts were *nolle prossed* by the State's attorney, and it
was stipulated on behalf of the people that no proof should
be introduced of any violation subsequent to July 17, 1906,
and the court thereupon overruled the motion for a contin-
uance.  The stipulation by the people conceding to the
plaintiff in error all that he desired to obtain by a contin-
uance, the court properly denied the motion for a continuance.

It is insisted on behalf of plaintiff in error that the court
erred in causing plaintiff in error to pass upon a juror before
the people passed on him.  Two panels of four jurors had
been accepted by both parties.  The people examined the
third panel of four and tendered that panel to the plaintiff
in error.  The plaintiff in error having exhausted all his
peremptory challenges, challenged for cause a juror of the
last panel tendered without any further examination, on the
ground that the juror had stated he had an opinion based

The People v. Nylin.

upon rumor although the juror had stated he could try the case fairly and impartially. The court asked the juror if he had expressed his opinion, and the juror answered he had; the challenge of plaintiff in error for cause was allowed. Another juror, a talesman, was called into the box. The plaintiff in error insisted that the people must first examine and accept the juror called in place of the juror excused on the challenge of plaintiff in error, but the court compelled plaintiff in error to first pass upon him. The statute provides that the jury shall be passed upon and accepted in panels of four by the parties, commencing with the plaintiff. This act is applicable to both civil and criminal causes. Statute, chapter 78, sections 21 and 23. The people having accepted the panel, it was the right of plaintiff in error to accept the jury or to challenge any juror that had shown cause. Having challenged a juror and the challenge having been allowed, the practice in this State is for the party who breaks the panel by challenging jurors to fill the places of those excused by him, and tender a full panel back to the opposite party. Each party when a full panel has been tendered him must tender the other party a full panel of four, and there was no error in the ruling of the court.

The principal question argued is whether or not the plaintiff in error is entitled to any consideration whatever on account of the claim made by him that in each of the sales made by him he intended in good faith to sell not less than five gallons, and that he did not knowingly or wilfully violate the statute. This question was raised both by offers of evidence, in instructions asked, and in the examination of the jurors. The court uniformly held that the intention or good faith of plaintiff in error was immaterial, and there is an absence of proof on the part of the people that the violation of the provisions of the statute was intentional, unless such proof of criminal intent was made by the evidence offered which it is claimed showed a device to avoid the statute. The proof offered by plaintiff in error to which objection was sustained, would have shown that plaintiff in error added to what the wholesaler sold and billed to him

as five gallon packages, additional bottles in his endeavor to comply with the law.

The statute of Illinois concerning dram-shops makes no allowance for the good faith of the seller of intoxicating liquors. It provides, "that whoever shall outside of the incorporated limits of any city  *  *  *  directly or indirectly sell, barter or exchange or in any manner dispose of, for money or anything of value, any intoxicating liquor of any kind, in less quantities than five gallons  *  *  *  shall for each offense be fined," etc. There is no qualification in this statute; it is mandatory on the person who sells, barters, exchanges or disposes of any intoxicating liquor outside of any incorporated city to see that the quantity he sells shall not be less than five gallons. The question of the intent or good faith of the seller of intoxicating liquor has been frequently before the courts of this State and it has been held repeatedly that the question of intent is not involved, neither is the good faith of the seller any defense to a sale that is in violation of the statute. McCutcheon v. People, 69 Ill., 601; Farmer v. People, 77 Ill., 322; Noecker v. People, 91 Ill., 494; Tipton v. People, 156 Ill., 241; same case, 52 Ill. App., 512; Jackson v. People, 36 Ill. App., 88; Flynn v. City of Galesburg, 12 Ill. App., 200; Backhaus v. People, 87 Ill. App., 173; 17 Am. & Eng. Encyc. of Law (2d ed.), 335. There was no error in the rulings of the court either upon questions asked jurors, upon the admissibility of evidence or in the refusal of instructions, where the question of intent and good faith of the defendant was attempted to be urged as a defense against the information.

Cases of liquor which were purchased from plaintiff in error were measured, and complaint is made that the measures used were not properly sealed and verified, and that the gas that escaped when the beer was poured out of the bottles should have been measured or some allowance made therefor. The purpose of all the legislation in this State upon the liquor question is to provide as far as possible against the evils arising from the sale of intoxicating liquors and to prevent intemperance and the multitude of evils arising

therefrom. Restrictions on the liquor traffic are in the interest of good government and should not be relaxed or frittered away. Gas is an aeriform fluid, but it is not a liquor within the meaning of that term as used in the statute concerning intoxicating liquors. It would be nullifying the restriction, which provides liquor shall not be sold in less quantities than five gallons without a license, to hold that the gas, froth or foam, must be measured that may arise when the liquor is released from the pressure caused by gas in the vessel in which it is contained, whether that pressure be from fermentation or the method of bottling. We hold the measurement intended by the statute to be a measurement of the quiet liquor after it has been released from confinement and reached a quiet condition in the open air.

It was shown that the measures used were sent by the county clerk of Mercer county by a special messenger to the office of the secretary of state at Springfield and the measures were there tested and stamped in the office of the secretary of state. The statute, chapter 147, section 9, provides that the secretary of state shall try and prove by standards kept in his office all weights and measures brought to him for that purpose by the county sealer and shall seal such when found to be accurate. The measures used were tested and stamped as required by the statute, and there was no error either in admitting the measures in evidence or the testimony concerning the measurements.

Plaintiff in error desired in the presence of the jury that the empty bottles should be filled with water up to the corks, and then measured in the presence of the jury to show that the bottles in a case held five gallons. It was not claimed that the beer filled the bottles to the cork. The utmost that could be asked was that the bottles should be filled to the same height as they had been with the liquor they contained. For this the plaintiff in error did not ask.

There was proof offered on the part of the people that the plaintiff in error made a practice of selling a case of beer containing a given number of bottles, and then issuing to the customer a ticket with numbers on the margin cor-

responding with the number of bottles in the package. The plaintiff in error would retain the package as custodian of his customer, and serve his customer therefrom from time to time, punching a number out of the ticket with the delivery of each bottle. It was shown by five witnesses that beer was sold in this manner. The contention on the part of the people is that this was a mere shift or device to evade the statute. This was a question of fact to be submitted to the jury. It is insisted on the part of the plaintiff in error that the court in three instructions branded such act of selling a case of beer and keeping a part of it for his customer as a shift or device, instead of leaving the question to the jury to decide whether it was a shift or device. The eleventh instruction is:

"The court instructs the jury that it is the law in this case that any shift or device to evade the provisions of the statute to not sell less than five gallons of intoxicating liquors is an unlawful selling, and if you find from the evidence in this case, beyond a reasonable doubt, that the defendant by himself or another, either as principal, clerk, or servant, in any manner disposed of for money or other things of value any intoxicating liquors in less quantities than five gallons, as charged in the information, by any shift or device, then you should find the defendant guilty."

The other two are very similar and clearly leave the question for the jury to find whether plaintiff in error used any shift or device to evade the provisions of the statute. Upon an examination of all the instructions either given or refused to which our attention has been called we find no error.

It is assigned for error that after the jury retired to consider their verdict the courthouse was locked up and that the plaintiff in error with the general public were excluded from the court room where the verdict was received. This contention is based upon the affidavits of plaintiff in error and H. P. Burkland who state that at eight o'clock the janitor refused to let them into the courthouse. Counter affidavits were made by M. L. Gregory, the janitor, the

State's attorney and others that the courthouse was not locked. The janitor's affidavit states that at a quarter past seven the defendant came to the courthouse, that the door was open, but he said that he did not want to come in, and that he, Gregory, did not prevent the defendant from entering, and that the door was open and all comers admitted until the jury had agreed and were discharged. The plaintiff in error had his constitutional right of a public trial. We have reviewed all the important points raised and have examined all the other numerous alleged errors assigned and argued, but we find no merit in them, and no useful purpose would be served by discussing them. Finding no error the judgment is affirmed.

*Affirmed.*