**Arthur Keithley, Appellant, v. John S. Stevens et al., Appellees.**

### Gen. No. 4,976.

1. TORTS—*when payment of witness fees by non-party does not authorize right of action.* It is not an actionable wrong for a citizen to pay the fees of a witness who has been called and who has testified in a disbarment proceeding.

2. MALICIOUS PROSECUTION—*effect of judgment of conviction.* A judgment of conviction is conclusive against an action for malicious prosecution, notwithstanding false evidence may have induced such conviction.

3. MALICIOUS PROSECUTION—*when action for, does not lie.* Malicious prosecution does not lie for the unfounded, malicious and unreasonable prosecution of a civil suit where there has been no arrest of the person or seizure of the property of the defendant.

Action for malicious prosecution. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

ARTHUR KEITHLEY, for appellant.

JOHN S. STEVENS, JOSEPH A. WEIL and FRANCIS H. TICHENOR, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

A petition was presented to the Supreme Court of

this state for the disbarment of Arthur Keithley, an attorney who practiced law at Peoria. The cause was referred to a commissioner, who took the proofs and filed a report. The Supreme Court entered a judgment striking the name of Keithley from the roll of attorneys. Keithley sought a rehearing, which was denied. The circumstances appear in the opinion of the Supreme Court reported in People ex rel. Scholes, State's Attorney, v. Keithley, 225 Ill. 30.

Thereafter Keithley brought this suit against certain lawyers and other citizens and a newspaper company of Peoria, to recover one hundred thousand dollars from them as damages for assisting in procuring his disbarment. The court sustained demurrers to the amended first and second counts and to the original third count of the declaration. Keithley elected to abide by these pleadings, and the defendants had judgment, from which Keithley prosecuted this appeal.

The declaration does not charge that Keithley was not guilty of the offenses of which he was found guilty by the Supreme Court, and for which offense he was disbarred. It does not charge that he was wrongfully disbarred. It is manifest that he could not be permitted to so charge when he sets up the final judgment of the Supreme Court against him on those subjects. The damage which was done him was done by the judgment disbarring him, and that judgment is final and conclusive against him that he was lawfully disbarred.

The declaration charges that defendants examined witnesses against Keithley and cross-examined witnesses whom he presented. This the defendants had a lawful right to do, and cannot be held responsible in damages for exercising that right. It charges that they hired and paid witnesses who appeared and testified against Keithley. Witnesses cannot be compelled to appear in a civil suit till their fees are paid. Healey v. People, 139 Ill. App. 363, and cases there cited.

Defendants had therefore a right to pay the witnesses their lawful fees and mileage, and it is not charged that defendants paid the witnesses any more than the amount to which they were legally entitled. It does not aver that the witnesses were hired to testify falsely.

The declaration charges that defendants and other witnesses called against Keithley testified falsely. This seems to be a mere conclusion of the pleader. No alleged fact which was testified to by them is stated, which it is claimed was untrue, nor is it shown nor averred that the alleged false testimony was material. It must be presumed that the claim that the testimony against Keithley was false, was submitted to the Supreme Court by Keithley in his defense, and that the material testimony against him was adjudged to be true and not false. While that judgment stands in full force it is conclusive against Keithley that the material parts of the evidence upon which it was based were true. If that judgment was based upon false testimony (which this declaration does not charge, and does not even intimate, except it be by remote inference and implication), Keithley's remedy is not by a suit at law against his prosecutors. In such suit at law this judgment which he has set up is conclusive against him, even if false evidence was introduced by his opponents. Burton v. Perry, 146 Ill. 71, 102; Evans v. Woodsworth, 213 Ill. 404; Pratt v. Griffin, 223 Ill. 349; Chicago Title & Trust Co. v. Moody, 233 Ill. 634. The conclusiveness of the adjudication is further supported by what is said in L. N. A. & C. R. R. Co. v. Carson, 169 Ill. 247; Markley v. People, 171 Ill. 260; People v. Hill, 182 Ill. 425; and Smith v. Lewis, 3 Johns. 157. This subject is very fully discussed in 1 Freeman on Judgments, 4th Ed., sections 247, 248, 249, 284, 289. In the latter section the author says: "The settled policy of the law forbidding that a matter once adjudicated shall be again drawn in issue while

the former adjudication remains in force does not permit the prosecution of an action for obtaining a judgment by false and fraudulent practices, or by false and forged evidence.  *  *  *  If there was any fraud in the creation of a cause of action, that fact must be interposed as a defense, and if not so interposed, cannot be made the basis of an independent action.'' In 1 Herman on Estoppel, sec. 395, the following language is quoted: ''Every litigant enters upon the trial of a cause knowing not merely the uncertainty of human testimony, when honestly given, but that, if he has an unscrupulous antagonist, he may have to encounter fraud of this character. He takes the chances of establishing his case by opposing testimony, and by subjecting his opponent's witnesses to the scrutiny of a certain cross-examination. The case is not the less tried upon its merits, and the judgment rendered is none the less conclusive, by reason of the false testimony produced.  *  *  *  The rules of evidence, the cross-examination of witnesses, and the fear of criminal prosecution, with the production of counter testimony, constitute the only protection afforded by the law to litigants in such cases.  *  *  *  If the merits could be a second time examined by a new suit, upon a suggestion of false testimony, documentary or oral, in the first case, there would be no end to litigation. The greater the interests involved in a suit the severer generally the contention; and in the majority of such cases the recovery of judgment would be the occasion of a new suit to vacate it or to restrain its enforcement.''

The declaration charges that defendants paid money to the commissioner to whom the disbarment suit was referred. The purpose for which this was paid is not averred, nor the amount. It must be presumed, against the pleader, that this was paid for the fees of the commissioner and for the cost of taking down the testimony heard before him. It is obvious Keithley would not pay for this testimony and report. The

commissioner was entitled to his fees and proper expenses. The citizens who sought Keithley's disbarment had a lawful right to advance these sums, and violated no right of Keithley when they did so. It is not charged that the commissioner was paid more than his lawful fees and legitimate expenses.

The declaration charges that defendants caused the commissioner, a lawyer, and his son, his law partner, to be hired as attorneys in other matters which defendants controlled, and to be paid exorbitant fees, and caused the commissioner to be praised in a newspaper for his honesty, for the purpose of inducing him to report against Keithley, while they published false articles against Keithley. These publications against Keithley are not set out, but are designated as "false, scurrilous and malicious diatribes." These things all occurred before the report was filed, and must be presumed to have been known to Keithley at that time. If they occurred and affected the report of the commissioner adversely to Keithley, it was Keithley's privilege and duty to show these facts to the Supreme Court before the report was acted upon by that tribunal. We are satisfied that under this declaration it must be assumed against Keithley that all facts which would tend to show that the testimony against Keithley was untrue, that the real truth did not warrant his disbarment, and that the report was obtained by any improper influence, have been presented to the Supreme Court in Keithley's behalf, or that he had full opportunity to present them, and that the judgment of the Supreme Court which he sets up is decisive against him on those subjects in this action at law.

There are circumstances under which a party may be liable for an abuse of legal process. If one cause the arrest of another upon a criminal charge, intending not to prosecute the charge, but expecting that the defendant will settle some claim the prosecutor is asserting against him, or will surrender some property right which he holds, and intending to then abandon

the criminal charge, it may well be that the prosecutor would be liable to such an action. This declaration charges that certain of the defendants here were defendants in civil and criminal suits Keithley had brought against them for libel, and that these disbarment proceedings were instituted to defeat said suits, and to punish Keithley for daring to bring them, and with the expectation that Keithley would pay the defendants to drop the disbarment proceedings. These are the conclusions of the pleader. No fact is stated tending to show that the defendants demanded or sought or expected to be paid to abandon the disbarment proceedings. It is not alleged that these civil and criminal libel suits brought by Keithley were defeated by his disbarment. For all that appears in the declaration, they may have been tried and resulted in judgments favorable to Keithley. The fact of those pending suits could hardly fail to have been submitted to the Supreme Court by Keithley. Similar allegations were made by the respondent in a disbarment proceeding, in People v. Payson, 210 Ill. 82, and 215 Ill. 476, 487, and the Supreme Court said it was of little consequence what motive prompted the bringing of the charges, if they were true. Probably in every case where citizens undertake the disagreeable duty of procuring the disbarment of an attorney, his prior conduct has produced indignation in honorable members of the bar and public-spirited citizens. They believe that in seeking his disbarment they are actuated by righteous indignation and just resentment at wrong-doing by a member of an honorable profession, while the respondent attributes their action to malice and envy or other improper motives. But, further, the weight of authority is against a right of action for the unfounded and malicious and unsuccessful prosecution of a civil suit where there is no arrest of the person or seizure of property. Smith v. Michigan Buggy Co., 175 Ill. 619; Liquid Carbonic Acid Mfg. Co. v. Convert, 186 Ill. 334; Bonney v.

King, 201 Ill. 50. Much less can there be a right of action, where such a prosecution has been successful.

The effect of the suit, if this declaration is sustained, will be to submit to a jury of the Circuit Court the question whether the Supreme Court was warranted in disbarring Keithley. It is an attempt to obtain a new trial. It is, in effect, an appeal from the judgment of the Supreme Court to a jury, a reversal of the established procedure of this state. It is a reversal of the rules of law in another respect. Hitherto it is the acquitted defendant who may sue his prosecutors for damages for malicious prosecution. Here the convicted defendant sues those who have procured a conviction which still stands. If this suit can be maintained then every convicted criminal can bring an action against the witnesses who testified against him, the attorneys who appeared against him, and his victims who have aided the prosecution. So, too, a party defeated in a civil suit could sue the successful party for using money, spending time, and finding witnesses to testify against him, and the declaration could be made good by asserting that the successful party had bad motives in his heart. This declaration abounds in bitter words assailing the motives of those who aided in procuring the disbarment of Keithley.

We regard it as against public policy to permit those who have successfully prosecuted an unworthy attorney to disbarment to be afterwards harassed by such a suit. If such a suit could be maintained, few would have the courage to aid in ridding the legal profession of unworthy members.

We hold that the declaration does not state a cause of action.

The judgment is therefore affirmed.

*Affirmed.*